UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PHYLLIS SIBILLA and NANCY SIBILLA,

Plaintiffs,

-against-

FOLLETT CORPORATION d/b/a FOLLETT
HIGHER EDUCATION GROUP,

Defendant.

**Case No. CV-10 1457 (LDW) (AKT)**

**ECF CASE**

<u>**ANSWER**</u>

Defendant Follett Higher Education Group, Inc. ("Follett") (sued incorrectly as "Follett Corporation d/b/a Follett Higher Education Group), by its attorneys, Vedder Price P.C., denies that it discriminated against Plaintiffs Phyllis Sibilla and Nancy Sibilla ("Plaintiffs") on the basis of age, gender, disability, perceived disability or any other illegal grounds in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*) ("Title VII"), the Americans with Disabilities Act (42 U.S.C. § 12101, *et seq.*) ("ADA"), or the New York State Executive Law § 296 ("NYSHRL"), and, in answer to the particulars of the Complaint, states the following:

1.      Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.      Follett denies the allegations contained in paragraph 3 of the Complaint, except admits that Follett Corporation has offices located at 2233 West Street, River Grove, Illinois 60171 and, further answering, avers that Follett's principal offices are located at 1818 Swift

Drive, Oak Brook, IL 60523, and that Plaintiffs were never employed by Follett at 1001 Crooked Hill Road, Brentwood, New York 11717.

4.      Follett denies the allegations in paragraph 4 of the Complaint, except admits that Plaintiffs purport to bring an action against it under Title VII, the ADA, and the NYSHRL.

5.      Follett denies the allegations in paragraph 5 of the Complaint, except admits that Plaintiffs purport to invoke the jurisdiction of this Court under the statutes cited therein, and to place venue in this District for the reason stated therein.

6.      Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, except admits that at some point in time, Phyllis Sibilla filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

7.      Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, except admits that at some point in time, Nancy Sibilla filed a Charge of Discrimination with the EEOC.

8.      Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, further answering, avers that the EEOC issued Notices of Right to Sue dated February 1, 2010.

9.      Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.      Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.      Follett denies the allegations in paragraph 11 of the Complaint, except admits that Plaintiffs purport to seek the remedies described therein.

12.     Follett admits the allegations in paragraph 12 of the Complaint.

13.     Follett admits the allegations in paragraph 13 of the Complaint.

14.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.     Follett denies the allegations in paragraph 16 of the Complaint and, further answering, avers that it began operating the bookstore on the Brentwood campus of Suffolk Community College on or about July 14, 2009.

17.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, except admits that it makes the hiring and firing decisions at the Suffolk Community College bookstores it currently operates.

18.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     Follett denies the allegations in paragraph 20 of the Complaint.

21.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     Follett denies the allegations in paragraph 26 of the Complaint and, further answering, avers that representatives of Follett visited the bookstore and met employees of Barnes and Noble.

27.     Follett denies the allegations in paragraph 27 of the Complaint, except admits that Mr. Cochran, Follett's Regional Manager, dropped off employment applications at the bookstore on or about June 8, 2009.

28.     Follett denies the allegations in paragraph 28 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Phyllis Sibilla's height and weight.

29.     Follett denies the allegations in paragraph 29 of the Complaint, except admits that Cochran dropped off job applications and, further answering, avers that individuals who had been employed at the bookstore when it was operated by Barnes & Noble were required to submit employment applications to Follett if they wished to be considered for employment by Follett.

30.     Follett denies the allegations in paragraph 30 of the Complaint and, further answering, avers that Nancy Sibilla faxed Phyllis Sibilla's completed employment application to Amantha Nyberg on June 9, 2009.

31.     Follett admits the allegations in paragraph 31 of the Complaint.

32.     Follett admits the allegations in paragraph 32 of the Complaint.

33.     Follett admits the allegations in paragraph 33 of the Complaint.

34.     Follett admits the allegations in paragraph 34 of the Complaint.

35.     Follett denies the allegations in paragraph 35 of the Complaint, except admits that Phyllis Sibilla was interviewed by Ms. Bosbach and, further answering, avers that a variety of topics were discussed during the nearly hour-long interview.

36.     Follett denies the allegations in paragraph 36 of the Complaint and, further answering, avers that its Code of Conduct does not allow immediate family members to report to one another.

37.     Follett denies the allegations in paragraph 37 of the Complaint, except admits that it extended an offer of employment to Phyllis Sibilla, and refers to the written job offer for its terms.

38.     Follett denies the allegations in paragraph 38 of the Complaint and, further answering, avers that the offer letter Follett provided to Phyllis Sibilla asked her to sign and return the letter by June 22, 2009.

39.     Follett denies the allegations in paragraph 39 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Phyllis Sibilla's beliefs.

40.     Follett denies the allegations in paragraph 40 of the Complaint and, further answering, avers that it hired Ms. Phelps, who is 52 years old, as Store Manager B for the Eastern Campus bookstore.

41.     Follett denies the allegations in paragraph 41 of the Complaint, except admits that it hired Robin and Lori and, further answering, avers that it hired Robin as Assistant Manager I.

42.     Follett denies the allegations in paragraph 42 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Phyllis Sibilla's beliefs.

43.     Follett denies the allegations in paragraph 43 of the Complaint and, further answering, avers that Phyllis Sibilla accepted its offer of employment by signing the offer letter, which was faxed to Follett on June 21, 2009, bearing Phyllis Sibilla's signature and the date "June 22, 2009."

44.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46.     Follett denies the allegations in paragraph 46 of the Complaint.

47.     Follett denies the allegations in paragraph 47 of the Complaint and, further answering, avers that Phyllis Sibilla never actually commenced employment with Follett.

48.     Follett denies the allegations in paragraph 48 of the Complaint.

49.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53.     Follett denies the allegations in paragraph 53 of the Complaint, except admits that representatives of Follett visited the bookstore and met employees of Barnes and Noble, and except denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning the date on which Nancy Sibilla became aware that Follett was going to operate the bookstore.

54.     Follett denies the allegations in paragraph 54 of the Complaint, except admits that Mr. Cochran dropped off employment applications at the bookstore on or about June 8, 2009.

55.     Follett denies the allegations in paragraph 55 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Nancy Sibilla's height and weight, and regarding Nancy Sibilla's beliefs.

56.     Follett denies the allegations in paragraph 56 of the Complaint, except admits that Cochran dropped off job applications and, further answering, avers that individuals who had been employed at the bookstore when it was operated by Barnes & Noble were required to submit employment applications to Follett if they wished to be considered for employment by Follett.

57.     Follett denies the allegations in paragraph 57 of the Complaint and, further answering, avers that Nancy Sibilla faxed her completed employment application to Amantha Nyberg on June 9, 2009.

58.     Follett denies the allegations in paragraph 58 of the Complaint.

59.     Follett admits the allegations in paragraph 59 of the Complaint.

60.     Follett denies the allegations in paragraph 60 of the Complaint.

61.     Follett admits the allegations in paragraph 61 of the Complaint.

62.     Follett denies the allegations in paragraph 62 of the Complaint, except admits that Nancy Sibilla was interviewed by Ms. Nyberg and, further answering, avers that a variety of topics were discussed during the interview.

63.     Follett denies the allegations in paragraph 63 of the Complaint, except admits that Nancy Sibilla was interviewed by Ms. Nyberg and, further answering, avers that a variety of topics were discussed during the interview.

64.     Follett denies the allegations in paragraph 64 of the Complaint, except admits that it extended an offer of employment to Nancy Sibilla, and refers to the written job offer for its terms.

65.     Follett denies the allegations in paragraph 65 of the Complaint and, further answering, avers that the offer letter Follett provided to Nancy Sibilla asked her to sign and return the letter by June 22, 2009.

66.     Follett denies the allegations in paragraph 66 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Nancy Sibilla's beliefs.

67.     Follett denies the allegations in paragraph 67 of the Complaint and, further answering, avers that it hired Ms. Phelps, who is 52 years old, as Store Manager B for the Eastern Campus bookstore.

68.     Follett denies the allegations in paragraph 68 of the Complaint, except admits that it hired Robin and Lori and, further answering, avers that it hired Robin as Assistant Manager I.

69.     Follett denies the allegations in paragraph 69 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Nancy Sibilla's beliefs.

70.     Follett denies the allegations in paragraph 70 of the Complaint and, further answering, avers that Nancy Sibilla accepted its offer of employment by signing the offer letter, which was faxed to Follett on June 21, 2009, bearing Nancy Sibilla's signature and the date "June 22, 2009."

71.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.

72.     Follett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

73.     Follett denies the allegations in paragraph 73 of the Complaint and, further answering, avers that it made hiring and compensation decisions based on ability and other legitimate, nondiscriminatory factors.

74.     Follett denies the allegations in paragraph 74 of the Complaint and, further answering, avers that Nancy Sibilla never actually commenced employment with Follett.

75.     Follett denies the allegations in paragraph 75 of the Complaint.

76.     Follett repeats and realleges the answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

77.     Follett denies the allegations in paragraph 77 of the Complaint.

78.     Follett denies the allegations in paragraph 78 of the Complaint.

79.     Follett denies the allegations in paragraph 79 of the Complaint.

80.     Follett denies the allegations in paragraph 80 of the Complaint.

81.     Follett denies the allegations in paragraph 81 of the Complaint.

82.     Follett denies the allegations in paragraph 82 of the Complaint.

83.     Follett denies the allegations in paragraph 83 of the Complaint.

84.     Follett repeats and realleges the answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

85.     Follett denies the allegations in paragraph 85 of the Complaint.

86.     Follett denies the allegations in paragraph 86 of the Complaint.

87.     Follett denies the allegations in paragraph 87 of the Complaint.

88.     Follett denies the allegations in paragraph 88 of the Complaint.

89.     Follett denies the allegations in paragraph 89 of the Complaint.

90.     Follett denies the allegations in paragraph 90 of the Complaint.

91.     Follett denies the allegations in paragraph 91 of the Complaint.

92.     Follett repeats and realleges the answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

93.     Follett denies the allegations in paragraph 93 of the Complaint.

94.     Follett denies the allegations in paragraph 94 of the Complaint.

95.     Follett denies the allegations in paragraph 95 of the Complaint.

96.     Follett denies the allegations in paragraph 96 of the Complaint.

97.     Follett denies the allegations in paragraph 97 of the Complaint.

98.     Follett denies the allegations in paragraph 98 of the Complaint.

99.     Follett denies the allegations in paragraph 99 of the Complaint.

100.     Follett repeats and realleges the answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

101.     Follett denies the allegations in paragraph 101 of the Complaint.

102.     Follett denies the allegations in paragraph 102 of the Complaint.

103.     Follett denies the allegations in paragraph 103 of the Complaint.

104.    Follett denies the allegations in paragraph 104 of the Complaint.

105.    Follett denies the allegations in paragraph 105 of the Complaint.

106.    Follett denies the allegations in paragraph 106 of the Complaint.

107.    Follett denies the allegations in paragraph 107 of the Complaint.

108.    Follett repeats and realleges the answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

109.    Follett denies the allegations in paragraph 109 of the Complaint.

110.    Follett denies the allegations in paragraph 110 of the Complaint.

111.    Follett denies the allegations in paragraph 111 of the Complaint.

112.    Follett denies the allegations in paragraph 112 of the Complaint.

113.    Follett denies the allegations in paragraph 113 of the Complaint.

114.    Follett repeats and realleges the answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

115.    Follett denies the allegations in paragraph 115 of the Complaint.

116.    Follett denies the allegations in paragraph 116 of the Complaint.

117.    Follett denies the allegations in paragraph 117 of the Complaint.

118.    Follett denies the allegations in paragraph 118 of the Complaint.

119.    Follett denies the allegations in paragraph 119 of the Complaint.

120.    Follett repeats and realleges the answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

121.    Follett denies the allegations in paragraph 121 of the Complaint.

122.    Follett denies the allegations in paragraph 122 of the Complaint.

123.    Follett denies the allegations in paragraph 123 of the Complaint.

124.    Follett denies the allegations in paragraph 124 of the Complaint.

125.    Follett denies the allegations in paragraph 125 of the Complaint.

126.    Follett denies the allegations in paragraph 126 of the Complaint.

127.    Follett denies the allegations in paragraph 127 of the Complaint.

128.    Follett repeats and realleges the answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

129.    Follett denies the allegations in paragraph 129 of the Complaint.

130.    Follett denies the allegations in paragraph 130 of the Complaint.

131.    Follett denies the allegations in paragraph 131 of the Complaint.

132.    Follett denies the allegations in paragraph 132 of the Complaint.

133.    Follett denies the allegations in paragraph 133 of the Complaint.

134.    Follett denies the allegations in paragraph 134 of the Complaint.

135.    Follett denies the allegations in paragraph 135 of the Complaint.

136.    Follett repeats and realleges the answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

137.    Follett denies the allegations in paragraph 137 of the Complaint.

138.    Follett denies the allegations in paragraph 138 of the Complaint.

139.    Follett denies the allegations in paragraph 139 of the Complaint.

140.    Follett denies the allegations in paragraph 140 of the Complaint.

141.    Follett denies the allegations in paragraph 141 of the Complaint.

142.    Follett denies the allegations in paragraph 142 of the Complaint.

143.    Follett denies the allegations in paragraph 143 of the Complaint.

144.     Follett repeats and realleges the answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

145.     Follett denies the allegations in paragraph 145 of the Complaint.

146.     Follett denies the allegations in paragraph 146 of the Complaint.

147.     Follett denies the allegations in paragraph 147 of the Complaint.

148.     Follett denies the allegations in paragraph 148 of the Complaint.

149.     Follett denies the allegations in paragraph 149 of the Complaint.

150.     Follett denies the allegations in paragraph 150 of the Complaint.

151.     Follett denies the allegations in paragraph 151 of the Complaint.

152.     Follett repeats and realleges the answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

153.     Follett denies the allegations in paragraph 153 of the Complaint.

154.     Follett denies the allegations in paragraph 154 of the Complaint.

155.     Follett denies the allegations in paragraph 155 of the Complaint.

156.     Follett denies the allegations in paragraph 156 of the Complaint.

157.     Follett denies the allegations in paragraph 157 of the Complaint.

158.     Follett repeats and realleges the answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

159.     Follett denies the allegations in paragraph 159 of the Complaint.

160.     Follett denies the allegations in paragraph 160 of the Complaint.

161.     Follett denies the allegations in paragraph 161 of the Complaint.

162.     Follett denies the allegations in paragraph 162 of the Complaint.

163.     Follett denies the allegations in paragraph 163 of the Complaint.

164.    Follett admits that Plaintiffs demand a jury trial.

165.    Follett denies that Plaintiffs are entitled to any of the relief demanded in the "Wherefore" clauses of the Complaint, or to any relief whatsoever.

## DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations and/or filing periods, and/or by the doctrines of laches, estoppel and/or waiver.

## THIRD AFFIRMATIVE DEFENSE

If Plaintiffs have suffered damages, which Follett expressly denies, upon information and belief, Plaintiffs have failed to make reasonable and diligent efforts to mitigate their damages.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiffs unreasonably failed to avail themselves of Follett's internal grievance policy with respect to claims of discrimination.

## FIFTH AFFIRMATIVE DEFENSE

Follett's actions with respect to Plaintiffs were taken solely for legitimate, non-discriminatory, non-prohibited reasons and/or for good cause unrelated to Plaintiffs' age, gender, alleged disability, alleged perceived disability or any other illegal grounds.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred, in whole or in part, by virtue of their own conduct.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to double back pay wages or punitive damages because Follett's conduct was not willful, motivated by evil motive or intent, or in reckless indifference to Plaintiffs' legally protected rights.  To the extent that any of Follett's agents acted with such willfulness, evil motive or intent, or reckless indifference to Plaintiffs' legally protected rights, which Follett expressly denies, such actions were contrary to Follett's good-faith efforts to enforce its anti-discrimination policies.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages or attorneys' fees and costs under the NYSHRL.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiffs failed to exhaust all administrative prerequisites before filing suit.

## TENTH AFFIRMATIVE DEFENSE

If and to the extent that any action taken with respect to Plaintiffs was motivated by an impermissible consideration, which Follett expressly denies, Follett would have taken the same action for non-discriminatory reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs were not qualified individuals with a disability as defined by the Americans with Disabilities Act or the New York State Human Rights Law.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek to recover from Follett for personal injuries incurred in the course of or arising out of their employment, such recovery is barred by the exclusivity of Workers' Compensation remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint or any relief sought by Plaintiffs is barred, in whole or in part, by such additional defenses as Follett may have that cannot now be articulated due to the generality of Plaintiffs' pleadings and the fact that discovery has not yet commenced.  Accordingly, Follett reserves the right to supplement the foregoing and to raise additional defenses as the case progresses.

**WHEREFORE**, Defendant Follett Higher Education Group, Inc. (sued incorrectly as "Follett Corporation d/b/a Follett Higher Education Group), respectfully requests that this Court dismiss the Complaint with prejudice and award Follett its costs, including reasonable attorneys' fees, and such other relief as this Court may deem just and proper.

Dated: New York, New York.  
      June 16, 2010

Respectfully submitted,

**VEDDER PRICE P.C.**

By: s/Laura Sack  
    Laura Sack (LS 5501)

    1633 Broadway, 47th Floor  
    New York, New York 10019  
    (212) 407-6960

    *Attorneys for Defendant*  
    *Follett Corporation d/b/a Follett*  
    *Higher Education Group*